

**ORDERED in the Southern District of Florida on March 5, 2026.**

_Scott M. Grossman_
_____
**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

RACHEL BETH DORFMAN WEIS,                Case No. 25-19069-SMG

      Debtor.                                        Chapter 7
_____/

PORSCHE LEASING LIMITED and
PORSCHE LEASING, LTD.,

      Plaintiffs,
v.                                                            Adv. No. 25-01372-SMG

RACHEL BETH DORFMAN WEIS,

      Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

      Defendant and debtor Rachel Beth Dorfman Weis guaranteed the lease of a

2019 Lamborghini Urus by an entity called RD3 LLC. Plaintiff Porsche Leasing,

LTD.[1] alleges that after RD3 defaulted, Ms. Dorfman Weis failed to honor her guaranty. But beyond merely breaking her promise to satisfy the lease obligations if RD3 defaulted (i.e., breaching a contract), Porsche Leasing alleges that Ms. Dorfman Weis should therefore be denied a chapter 7 bankruptcy discharge because she "transferred, concealed, or permitted the concealment and/or disposal of the vehicle. . . with the intent to hinder, delay, or defraud" Porsche Leasing; "previously engaged in similar conduct resulting in bankruptcy,[2] including allowing vehicles purchased in her name to be sold, concealed, or otherwise disposed of"; and "knowingly failed to disclose full involvement or control in entities used in the current scheme."[3] Porsche Leasing further alleges that Ms. Dorfman Weis's debt for the guaranty should be excepted from any discharge she might otherwise receive because she "willfully and knowingly obtained the relevant debt through false pretenses, false representations and/or fraud," and that the debt "is one for money or property obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."[4] Ms. Dorfman Weis has moved to dismiss Porsche Leasing's complaint for failure to state a claim upon which relief may be granted, arguing that it fails to allege sufficient facts to plausibly support denial of discharge or nondischargeability.[5] The Court agrees.

---

[1] The docket lists two plaintiffs – Porsche Leasing Limited and Porsche Leasing, LTD. The complaint, however, only asserts claims on behalf of Porsche Leasing, LTD.
[2] *In re Rachel B. Dorfman*, Case No. 14-15294-RBR.
[3] Dkt. No. 1.
[4] *Id.*
[5] Dkt. No. 6.

I.     **FACTS.**

On August 13, 2024, RD3 leased a 2019 Lamborghini Urus from West Broward Imports, LLC.[6] At that time, Ms. Dorfman Weis was RD3's manager. She personally guaranteed RD3's obligations under the lease.[7] West Broward Imports then assigned the lease to Porsche Leasing, which became the titled owner of the vehicle.[8] The lease required monthly payments of $3,943.37 for a thirty-six-month term. RD3 defaulted under the lease around October 2024, and Ms. Dorfman Weis likewise failed to perform under her guaranty. The Lamborghini was not returned to Porsche Leasing and instead was sold to a third-party dealership. Ms. Dorfman Weis filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 5, 2025.[9] As of the petition date, Porsche Leasing was owed approximately $213,852.45. Ms. Dorfman Weis listed Porsche Leasing as a creditor on her bankruptcy schedules, and Porsche Leasing filed a proof of claim.

Ms. Dorfman Weis had previously filed for bankruptcy in 2014 based in part on her romantic involvement with Bryan Goldstein. Together with Mr. Goldstein, Ms. Dorfman Weis allegedly engaged in a scheme whereby Mr. Goldstein used Ms. Dorfman Weis's name and information to purchase three motorcycles and two cars, with Ms. Dorfman Weis guarantying obligations in connection with those vehicles. Mr. Goldstein then allegedly sold those vehicles with Ms. Dorfman Weis's

---

[6] Dkt. No. 1, at Ex. A.
[7] Dkt. No. 1, at Ex. A and C.
[8] *See* Dkt. No. 1, at Ex. B.
[9] 25-19069-SMG, at Dkt. No. 1.

knowledge but leaving Ms. Dorfman Weis on the hook for her guaranties. This led to her first bankruptcy filing in 2014.

Porsche Leasing essentially alleges that given her history with Mr. Goldstein involving similar conduct – by permitting Mr. Goldstein to once again use her name and information in a fraudulent scheme to obtain luxury vehicles without paying for them – this time Ms. Dorfman Weis cannot portray herself as a victim. Rather, according to Porsche Leasing, she must be held accountable for this fraudulent scheme, the result of which is – according to Porsche Leasing – that Ms. Dorfman Weis should be denied a discharge or alternatively that the guaranty should be excepted from any discharge she might receive. Specifically, Porsche Leasing asserts claims for: (i) denial of discharge under 11 U.S.C. § 727(a)(2)(A) based on the transfer, concealment, or disposal of property with intent to hinder, delay, or defraud creditors; (ii) denial of discharge under 11 U.S.C. § 727(a)(4)(A) and (C) based on false oaths and material omissions; (iii) nondischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representations, or actual fraud; and (iv) nondischargeability under 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity.

## II.    LEGAL STANDARD.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] As explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly*[11] and *Ashcroft v.*

---

[10] Fed. R. Civ. P. 8(a)(2), made applicable here by Federal Rule of Bankruptcy Procedure 7008.
[11] 550 U.S. 544 (2007).

*Iqbal*,[12] this means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" of the defendant's liability.[14] A claim is not facially plausible, however, if the allegations contain only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"[15] or "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts."[16] A complaint that "do[es] not permit the court to infer more than the mere possibility" of liability fails to satisfy Rule 8(a)(2)'s requirement of showing that the pleader is entitled to relief[17] and must be dismissed for failure to state a claim under Rule 12(b)(6).[18]

When a complaint alleges fraud, the pleading standard is even higher. Federal Rule of Civil Procedure 9(b) requires that the complaint "state with particularity the circumstances constituting fraud."[19] This requires the plaintiff to allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged

---

[12] 556 U.S. 662 (2009).
[13] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[14] *Id.* (citing *Twombly*, 550 U.S. at 556).
[15] *Id.* (quoting *Twombly*, 550 U.S. at 555).
[16] *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).
[17] *Iqbal*, 556 U.S. at 679.
[18] *Id.* at 678–79.
[19] Fed. R. Civ. P. 9(b), made applicable here by Fed. R. Bankr. P. 7009.

fraud."[20] Stated another way, to survive a motion to dismiss, a plaintiff "must assert the who, what, when, and where of the purported fraud."[21]

## III.    SUMMARY OF THE ARGUMENTS.

Ms. Dorfman Weis argues that the complaint should be dismissed because it is poorly pleaded, internally inconsistent, and fails to state any plausible claim for relief. At the outset, she contends that the complaint is a classic shotgun pleading because each count incorporates all prior allegations and relies on broad, conclusory assertions rather than facts tied to the elements of the specific statutory claims. According to Ms. Dorfman Weis, this structure alone makes it impossible to discern what conduct supports which cause of action.

Ms. Dorfman Weis also points to internal contradictions in the complaint. Most notably, Porsche Leasing alleges that it owns the Lamborghini yet claims that Ms. Dorfman Weis had a property interest in the Lamborghini that she transferred or concealed. Ms. Dorfman Weis argues that both cannot be true, and that this inconsistency is fatal to the § 727(a)(2)(A) claim, which requires a transfer of property belonging to the debtor or the estate.

As to the false oath claim under § 727(a)(4)(A), Ms. Dorfman Weis maintains that the complaint does not identify any specific false statement, omission, or act of fraud. Instead, it relies on generalized accusations untethered to particular disclosures, testimony, or schedules. She also argues that the complaint pleads no

---

[20] *Rosen v. Case (In re Case)*, 636 B.R. 834, 840–41 (Bankr. S.D. Fla. 2022) (quoting *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011) (cleaned up)).
[21] *Id.* (quoting *In re Taylor, Bean, & Whitaker Mortg. Corp.*, 2011 WL 5245420, at *5 (Bankr. M.D. Fla. 2011)).

6

facts at all that would fall under § 727(a)(4)(C), which concerns bribery or the exchange of value for action or inaction in a bankruptcy case.

With respect to the fraud-based nondischargeability claim under § 523(a)(2)(A), Ms. Dorfman Weis argues that the allegations fall short of Rule 9(b)'s heightened pleading standard. Because Porsche Leasing is merely an assignee of the lease, Ms. Dorfman Weis contends that the complaint does not plausibly allege what representations were made to the original lessor, who made them, when they were made, or how Porsche Leasing or its predecessor justifiably relied on them.

Finally, as to the § 523(a)(4) claim, Ms. Dorfman Weis argues that the complaint does not allege the existence of a fiduciary relationship arising from a formal or technical trust, which is required for a claim of fraud or defalcation. Nor does it allege facts supporting embezzlement or larceny. For all these reasons, Ms. Dorfman Weis seeks dismissal of the complaint with prejudice and an award of attorneys' fees and costs.

In response,[22] Porsche Leasing asserts that the complaint plausibly alleges that Ms. Dorfman Weis engaged in a repeated scheme involving the acquisition and disposition of luxury vehicles, supported by specific factual allegations and citations to Ms. Dorfman Weis's sworn Bankruptcy Rule 2004 testimony, and therefore satisfies the pleading standards of Rules 8 and 9(b). Porsche Leasing argues that Count I adequately pleads a claim under § 727(a)(2)(A) because, under Florida law, Ms. Dorfman Weis may have held a sufficient equitable or beneficial interest in the

---

[22] Dkt. No. 12.

vehicle to constitute "property of the debtor," and that Counts II and III similarly state plausible claims for denial of discharge and nondischargeability based on alleged false oaths and actual fraud. As for Count IV, however, Porsche Leasing concedes that its claim under § 523(a)(4) should be dismissed without prejudice.

## IV.    ANALYSIS.

### A.    Count I – 11 U.S.C. § 727(a)(2)(A).

Count I fails to state a claim upon which relief can be granted. Section 727(a)(2)(A) applies where a debtor has transferred, removed, destroyed, mutilated, or concealed "property of the debtor" within one year before the petition date, with the intent to hinder, delay, or defraud a creditor. The complaint, however, expressly alleges that Porsche Leasing – not Ms. Dorfman Weis – "is the owner and otherwise has a legal and equitable interest"[23] in the Lamborghini. As for Ms. Dorfman Weis, all the complaint alleges is that she was the manager of the entity (RD3) that leased the Lamborghini, and that she personally guaranteed the lease. There are no allegations that she held any legal or equitable interest in the Lamborghini at any relevant time. Accordingly, Count I fails to plead an essential element of a claim under § 727(a)(2)(A) and must therefore be dismissed for failure to state a claim.

### B.    Count II – 11 U.S.C. § 727(a)(4)(A) and (C).

Count II also fails to state a claim. To plead a claim under § 727(a)(4)(A), a plaintiff must allege that the debtor knowingly and fraudulently made a false oath or account and must identify the specific false statement or omission at issue. Here, the

---

[23] *See* Dkt. No. 1, at ¶¶ 8 and 37.

complaint alleges that Ms. Dorfman Weis made false oaths and withheld information, but it does not identify any particular statement, schedule, or testimony that was false. The allegations consist only of conclusory assertions untethered to specific facts.[24] As pleaded, the Court cannot discern what specific false oath Ms. Dorfman Weis is alleged to have made.

Count II fares no better under § 727(a)(4)(C). That subsection addresses bribery or the exchange of money, property, or advantage for action or inaction in connection with a bankruptcy case. Count II contains no allegations that would plausibly fall within the scope of § 727(a)(4)(C). Accordingly, Count II fails to state a claim and must be dismissed.

C.    Count III – 11 U.S.C. § 523(a)(2)(A).

Count III asserts a claim to determine that a debt is excepted from discharge based on false pretenses, false representations, or actual fraud. To survive dismissal, this type of claim must satisfy Rule 9(b)'s requirement that fraud be pleaded with particularity by providing the "who, what, when, and where"[25] of the purported fraudulent statements. Count III fails to meet this standard. While it recites the statutory elements of § 523(a)(2)(A), it does not allege with sufficient factual detail what representations were made, when they were made, by whom they were made, or how those representations were false at the time they were allegedly made. The allegations amount to little more than a formulaic recitation of the elements of fraud, coupled with a hindsight inference that default and loss necessarily imply fraudulent

---

[24] *See* Dkt. No. 1, at ¶¶ 44 and 45.
[25] *Case*, 636 B.R. at 840–41 (quoting *Taylor, Bean*, 2011 WL 5245420, at *5).

intent at inception. Porsche Leasing's allegations regarding Ms. Dorfman Weis's earlier bankruptcy filing do not remedy this deficiency, because they again lack specificity tying that filing to an intent to deceive at the time she incurred the guaranty obligation. Count III therefore also fails to state a claim and must be dismissed.

D.    Count IV – 11 U.S.C. § 523(a)(4).

In its response, Porsche Leasing withdrew its claim asserted in Count IV without prejudice. Count IV will therefore be dismissed without prejudice.

E.    Leave to Amend.

Because the Court is dismissing the complaint based on pleading deficiencies, the Court will give Porsche Leasing an opportunity to remedy these deficiencies.[26] Dismissal will therefore be without prejudice to Porsche Leasing filing an amended complaint within 21 days.

F.    Request for Attorneys' Fees and Costs.

Finally, because the Court is not dismissing this adversary proceeding with prejudice at this time, Ms. Dorfman Weis's request for attorneys' fees and costs will be denied without prejudice.

V.    **CONCLUSION.**

For the reasons discussed above, it is **ORDERED** that:

1.    Ms. Dorfman Weis's motion to dismiss[27] is **GRANTED IN PART**, as set forth herein.

---

[26] *See Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).
[27] Dkt. No. 6.

2.      The complaint[28] is **DISMISSED** without prejudice.

3.      The remainder of the relief requested in the motion to dismiss is **DENIED** without prejudice.

4.      Porsche Leasing may file an amended complaint within 21 days of entry of this order. If Porsche Leasing does not timely file an amended complaint, then dismissal will be with prejudice, after which Ms. Dorfman Weis may renew her request for attorneys' fees and costs.

# # #

*Copies to all parties of record by CM/ECF.*

---

[28] Dkt. No. 1.